FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ DEC 28 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KASADORE RAMKISSOON,
Owner of FatGangsterGames, Inc.,

                Plaintiff,

-against-

BLACKSTONE GROUP L.P., CITI GROUP INC.,
and POLYMORPHIC CONSORTIUM,

                Defendants.
------------------------------------------------------------X

NOT FOR PUBLICATION

**MEMORANDUM
AND ORDER**

11-CV-5862 (CBA)

**AMON, Chief United States District Judge:**

*Pro se* plaintiff Kasadore Ramkissoon filed the above-captioned complaint against Blackstone Group L.P. (hereinafter "Blackstone"), Citi Group, and Polymorphic Consortium on November 30, 2011. Plaintiff's request to proceed *in forma pauperis* is granted for the purpose of this Order, but the action is hereby dismissed.

## BACKGROUND

Plaintiff's submission consists of a cover page and two lengthy, typed documents. The cover page purports to invoke the jurisdiction of this Court pursuant to a series of other court cases involving plaintiff, including a class action suit filed in the United States District Court for the District of California, Ramkissoon, et al. v. AOL LLC, Docket No. 06-cv-05866-SBA (N.D. Ca.), an unrelated case against the City University of New York filed in this Court, Husain, et al. v. Springer, et al., Docket No. 97-CV-2982-NG, and numerous New York State cases. Plaintiff identifies his statement of claim as "Torturous [*sic*] interference with business and personal activities." (Complaint at 1.)[1]

---

[1] The Court refers to the page numbers assigned by the Electronic Case Filing System, as the page markings used by plaintiff are not limited to consecutive numbers.

The first document following the cover page includes a caption identifying plaintiff and defendant Blackstone and additional "recursive sub-class plaintiffs" and "recursive sub-class consortium defendants." (Id. at 2.) The following pages each begin with the heading "Torturous Interference and Breach of Contract by Blackstone Consortium." The document alleges that plaintiff is the owner of FatGangsterGames Inc. (hereinafter "FGS"), which is identified as "a 'composite' online furniture retailing, and gaming company that offers commercial theme based 'liquid' advertising, marketing templates curried with financial consulting to small and medium sized businesses." (Id. at 3). The remainder of the document is difficult to parse and includes general references to "sub prime predatory loans" and mortgage bond defaults (Id. at 2), internet gambling, banking regulation, "SLAPP violations" (Id. 2, 6, 9, 11, 12), "Ground Zero Workers Settlement Fund" (Id. 8-10), plaintiff's prior litigation against AOL (Id. 4-9) and CUNY (Id. 8-11), and various technology terms and applications.

In places, the submission specifically names defendant Blackstone Group L.P. or "Blackstone Consortium" and suggests that this defendant has harmed plaintiff or FGS in some way. As examples, plaintiff alleges that Blackstone "<u>torturous interfered</u> with FGS' solid alpha numeric code justified contractual relationships" (Id. at 4); "used very high security clearances and torturous unethical political leverage to seize FGS' unique advertising revenue while capital amount was being engineered and deposited via TD Bank" (Id.); "began manipulating the legal delta around pending AOL and CUNY litigation that limited and damaged FGS' revenue channels" (Id. at 8); participated in "Fifth Column activity" (Id. at 9); "attempted destabilization methods and cover ups, claiming 'RICO' Doe is depressed and emotionally distraught" (Id. at

10)[2]; "managed the Enron bankruptcy" (Id. 12); and caused the collapse of Lehman Brothers (Id. at 6, 7).

This document includes several monetary demands, including "30 billion dollars" (Id. at 3), and "1.6 trillion in peripheral damages" (Id. 8).

The second document is entitled "Lambda Calculus Financial Field Proof Applications" and each page of this document is headed "Equity Field Proof Lambda Calculus Applications 1997-2011." Plaintiff mentions established mathematical concepts including the Lambda Calculus and the Church-Turing Theses. (Id. at 21). Plaintiff states that "Lambda theory developed accidentally which checking E-mail and executing an equity type transaction Citi Group . . . on a cell phone after a regularly scheduled medical check, while wearing a heart monitor transmitter." (Id. at 22.). The remainder of this document seems to suggest that plaintiff's business was negatively impacted by market forces, government regulation, and pending litigation that was somehow manipulated by various companies including Blackstone, Citi Group, Barnes and Noble, Barclays, Harrah's Casino, and Wal-Mart.

In one section the second document states: "Remedy being sought for all linked participants is cancellation all interlocking debt relating to Mom and Pop connected torts. Total is approximately $83,200." (Id. at 31.) The cover page, which is reproduced following the 14th page of the second document, suggests a remedy of "Recovery of partial or full amount of lost capital and advertising revenue" and "Individual Damages to 'RICO' Doe multiplied by factor value of 5001." (Id. at 35.)

---

[2] Other references to "RICO Doe," suggest that it is a nickname for plaintiff. (See e.g. Complaint at 9 ("FGS Inc. is owned by individual 'RICO' Doe plaintiff in the AOL litigation.").)

## DISCUSSION

The Court is mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). However, pursuant to the *in forma pauperis* statute, a district court must dismiss a case if the court determines that the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). An action is frivolous when "either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal quotations and citations omitted). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." Denton v. Hernandez, 504 U.S. 25, 33 (1992).

Moreover, Rule 8 of the Federal Rules of Civil Procedure requires a plaintiff to provide "(1) a short and plain statement of the grounds for the court's jurisdiction . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). A complaint must contain "sufficient factual matter, accepted as true, to state a

claim to relief that is plausible on its face." Id. "[A] plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) internal quotations and citations omitted).

This complaint meets none of these requirements. It fails to comply with Rule 8 of the Federal Rules of Civil Procedure or to provide any basis for this Court's jurisdiction. Moreover, plaintiff's nonspecific allegations that defendant Blackstone has interfered in his prior court cases and used "Fifth Column activities" and "improper security clearances" to cause $30 billion or $1.6 trillion in damages to his internet-based company, FatGangsterGames, are fanciful and fantastic. See Gallop v. Cheney, 642 F.3d 364, 368 (2d Cir. 2011) ("A court may dismiss a claim as 'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless'—that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'" (quoting Denton v. Hernandez, 504 U.S. 25, 32–33 (1992))). The Court finds that these allegations are the product of delusion or fantasy, and thus determines that the action "is frivolous or malicious" and must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The Court has considered affording plaintiff an opportunity to amend the complaint. But because the deficiencies in the Complaint are not such that could be cured by amendment, the Court concludes that it would be futile to grant leave to amend. See O'Hara v. Weeks Marine, Inc., 294 F.3d 55, 69 (2d Cir. 2002) ("a district court may deny leave to amend the complaint if the amendment would be futile"); Cuoco, 222 F.3d at 112.

## CONCLUSION

For the reasons set forth above, the complaint is dismissed as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

/Signed by Chief Judge Carol Bagley Amon/
CAROL BAGLEY AMON
Chief United States District Judge

Dated: Brooklyn, New York
December 28, 2011